1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  MICHAEL V. STORTI  SBN 260215
   (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, California  90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  ERIK S. SYVERSON, SBN 221933
   (eriksyverson@syversonlaw.com)
9  PICK & BOYDSTON, LLP
   1000 Wilshire Boulevard, Suite 600
10 Los Angeles, California  90017
   Telephone: (213) 624-1996
11 Facsimile:  (213) 624-9073

12
   Attorneys for Plaintiff
13 and the Class

14            UNITED STATES DISTRICT COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16

17 COHEN IP LAW GROUP, PC, a          CASE NO. CV 10 5994-DDP
   California professional corporation, on                      (MANx)
18 behalf of itself and all others similarly
   situated,
19                                    CLASS ACTION COMPLAINT
20         Plaintiff,
21         vs.                        JURY TRIAL DEMANDED
22 IAC/INTERACTIVECORP, a
   Delaware Corporation; CITYGRID
23 MEDIA,LLC, Delaware limited
   liability company; and DOES 1
24 through 10, inclusive,
25         Defendant.
26

27

28

CLASS ACTION COMPLAINT

## THE PARTIES

4.     Plaintiff Cohen IP Law Group, PC ("Plaintiff") is a California professional corporation.  Cohen IP Law Group is the successor in interest to the Law Office of Michael N. Cohen, PC, which paid for pay-per-click advertising through Citysearch.com.

5.     Plaintiff is informed and believes and thereon alleges that defendant IAC/InterActiveCorp ("IAC") is a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. IAC is, and at all times relevant hereto was, authorized to do business in California.

6.     Plaintiff is informed and believes and thereon alleges that defendant CityGrid Media, LLC ("CityGrid Media") is a Delaware limited liability company with its principal place of business in West Hollywood, California.  Citygrid is, and at all times relevant hereto was, authorized to do business in California. Citygrid is an operating business of defendant IAC.

7.     Plaintiff is informed and believes and thereon alleges that defendant IAC owns and has financial control over the operations of defendant CityGrid Media, exercising power and control over the specific activities upon which the claims herein are based.

8.     As used herein, "Citysearch" shall include defendants IAC and CityGrid Media.

9.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging

— 3 —

**CLASS ACTION COMPLAINT**

1    allegations, as may be necessary.

2        10.    Plaintiff is informed and believes, and thereon alleges, that at all times

3    herein mentioned each of the defendants was the agent, servant and/or employee or

4    occupied other relationships with each of the other named defendants and at all

5    times herein mentioned acted within the course and scope of said agency and/or

6    employment and/or other relationship and each other defendant has ratified,

7    consented to, and approved the acts of his agents, employees, and representatives,

8    and that each actively participated in, aided and abetted, or assisted one another in

9    the commission of the wrongdoing alleged herein.

10                          **JURISDICTION AND VENUE**

11       11.    This Court has subject matter jurisdiction over this class action

12   pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23 of

13   the Federal Rules of Civil Procedure and members of the class of Plaintiffs are

14   citizens of a State different from defendants, and the aggregated amount in

15   controversy exceeds $5,000,000, exclusive of interest and costs.  See 28 U.S.C. §

16   1332(d)(2), (6).

17       12.    Venue is proper in this judicial district pursuant to 28 U.S.C. §

18   1391(a) and (c) in that Citysearch resides in this district and a substantial part of

19   the events or omissions giving rise to the claim occurred in the Central District of

20   California.

21                          **FACTUAL BACKGROUND**

22   **A.    Citysearch's Advertising Model**

23       13.    Citysearch is a local online search service, allowing visitors to its

24   website to search for and obtain information about local businesses.  Although

25   Citysearch, not unlike a phonebook, provides listing information (such as address

26   and telephone numbers) for local businesses, it also provides its visitors with maps,

27   driving directions, as well as editorial and user reviews for many of the businesses

28   that it lists.

— 4 —

14.    Citysearch touts that it "helps people make informed decisions about where to spend their time and money by delivering trusted content, local expertise, and useful tools…."  For most, Citysearch is just that: a source of information about local businesses.  For Citysearch, however, providing information about local businesses is just the platform for its actual product: advertising.

15.    Practically all of Citysearch's revenues are generated from its sale of advertising and the great bulk of that advertising is sold to small, local businesses – the same business which Citysearch lists and frequently reviews on its website.

16.    Citysearch presently offers its customers the choice of two "packages."  Citysearch charges a flat monthly fee for its "Basic Package" which includes a "customized business profile page" for the local business as well as "enhanced search results."  The "Performance Package" offers everything that the "Basic Package" does but also includes "pay-per-click" advertising.

17.    "Pay-per-click" ("PPC") advertising is unique to the internet, since advertisers only pay when a user actually clicks on an ad thereby indicating that the user wishes to visit the advertiser's website or (in the case of Citysearch) profile page.  Thus, while thousands of people may see an advertisement, if that viewing did not result from a click on the ad, the advertiser will not be charged anything.

18.    An advertiser who signs-up for Citysearch's "Performance Package" sets a monthly budget, representing the maximum amount that the advertiser is willing to spend over the course of a month for clicks.  Citysearch sets the amount that it will charge per click based on an algorithm that it does not disclose to its customers but which appears to take factors such as the location and type of the business into account.

19.    Because the monthly budget set by an advertiser represents the most that an advertiser is willing to pay and because Citysearch only charges the advertiser for clicks, it is quite feasible that the advertiser may spend much less

**CLASS ACTION COMPLAINT**

1  than its budget in any given month.

2  **B.    Citysearch's Agreement with Plaintiff and the Class and Its Promise to**

3  **Proactively Search for and Prevent "Invalid" Clicks**

4         20.    Customers who wish to advertise with Citysearch are presented with a

5  standard form agreement (the "Agreement") to which they must indicate their

6  consent.

7         21.    The Agreement provides in regard to the Performance Package the

8  following:

9              The Performance Package is Citysearch's pay for

10             performance advertising program where businesses set a

11             monthly advertising budget (the "CAP") and pay for

12             Click-Throughs or Program Calls (defined below) up to

13             the CAP.  On a monthly basis, Business shall pay to

14             Citysearch a monthly listing fee and the cost per click

15             and/or cost per call for each Click-Through and/or for

16             each Program Call, up to the CAP set forth on the

17             Enrollment Form.  "Click-Throughs" are defined as (i)

18             clicks on Business' advertising located on the Citysearch

19             website or a Citysearch distribution partner website,

20             which directs users to Business' website or Business'

21             profile page on the Citysearch website, (ii) clicks

22             directing users to Citysearch partner web pages

23             containing Business' enhanced content, or (iii) clicks on

24             certain content links located on Business' Citysearch

25             profile page. [....]  You may increase your CAP amount

26             in MyAccount, or you may instruct your Citysearch

27             account manager to make such an increase; however, you

28             understand and agree that during the Term you may not

**CLASS ACTION COMPLAINT**

1    decrease your CAP.

2

3      22. The "FAQ" (Frequently Asked Questions) page that Citysearch makes

4    available to potential customers during the sign-up process states the following:

5      Q: How do I know that clicks to my page/website are

6      legitimate?

7      A: CityGrid Media ***proactively*** researches and develops

8      processes, policies, and technologies to identify invalid

9      click activity with regard to our customers' advertising.

10     CityGrid Media employs advanced security filters and

11     blocks out clicks from spiders and robots. Read the

12     CityGrid Media Invalid Click Policy.

13   (Emphasis added.)

14     23. Citysearch devotes an entire webpage to explain its "Invalid Click

15   Policy" to potential customers.  On its "Invalid Click Policy" page, Citysearch

16   states in part:

17     As a leader in Local Pay for Performance advertising,

18     one of ***CityGrid Media LLC's (formerly Citysearch,***

19     ***LLC)...key concerns is detection of invalid clicks.***

20     CityGrid Media proactively researches and develops

21     processes, policies, and technologies to identify invalid

22     click activity with regard to our customers' advertising

23     on the Citysearch.com website and through the

24     CityGrid® Network. We are committed to protecting our

25     customers' investment in Local Pay for Performance

26     Advertising with us.

27     ***CityGrid Media actively monitors and analyzes clicks to***

28     ***our customers' advertising to try to detect any abuse of***

— 7 —

**CLASS ACTION COMPLAINT**

1         *our Local Pay for Performance advertising program.*

2         CityGrid Media attempts to prevent clicks that are caused

3         by automated robots or spiders, clicks generated from

4         within the CityGrid Media organization, or clicks which

5         show a pattern of fraudulent use.

6  (Emphasis added.)

7      24.    Citysearch expressly incorporates its Invalid Click Policy into its

8  standard, form agreement with its advertisers.

9  **C.    Click Fraud**

10      25.    "Click fraud" is the term the industry uses to describe clicks on a

11  search advertisement with no intention of doing business with the advertiser and

12  for some purpose other than that contemplated by the ad.  The use of the word

13  "fraud" can be a bit misleading, since the word is not used as is understood at

14  common law.  Instead the industry uses the term "click fraud" colloquially to

15  simply describe purposeful clicks on advertisements by someone other than a

16  potential customer.  Citysearch refers to such clicks as "invalid clicks."

17      26.    The perpetrators of fraudulent (or invalid) clicks – those that actually

18  click an online advertisement with no intention of doing business with the

19  advertiser – can be categorized into two groups.  The first group consists of direct

20  "real world" competitors of the advertiser, who simply wish to exploit the nature of

21  PPC advertising in order to increase the fees that their competitor is paying for

22  advertising and/or to boost the effectiveness of their own ads (given that

23  Citysearch employs a monthly budgeting system, "using-up" a competitor's budget

24  in the beginning of the month means that the competitor's ads will not be

25  competing with yours).

26      27.    The second group of click fraud perpetrators do not compete with the

27  advertiser in the "real world," their incentive to engage in click fraud is much more

28  direct: they get a share of the fees that the advertiser is paying.

**CLASS ACTION COMPLAINT**

28.     Click fraud can be prevented by tracking the use of a pay-per-click advertisement, including the identity and/or source of those clicking on the advertisement/link and the frequency of such activity. Such tracking can be accomplished by computer programs that count the number and timing of clicks originating from a single source and whether or not those clicks result in a sale. Indeed, Citysearch asserts that it has such programs, stating: "Citysearch also has sophisticated algorithms to track sessions and user behavior on our site to assist us in identifying click patterns that would indicate invalid clicks. In the event we identify a click as invalid, our customers are not charged for such clicks."

29.     Most experts in the industry believe that the best, and perhaps only way, to track and identify fraudulent clicks is at the source – that is, the website on which the advertisement that was clicked on appeared.

**D.     Although Citysearch Promised Plaintiff and the Class that it Would Prevent Click Fraud, Citysearch Has Created an Environment that Fosters Click Fraud**

30.     Although Citysearch represents to its customers that it has a system in place to prevent click through fraud and to ensure that advertisers are not charged for "invalid clicks," it has failed to take any significant measures to track or prevent click through fraud, and fails to adequately warn its existing and potential customers about the existence, and prevalence, of click fraud.

31.     When its customers become the victims of click fraud, Citysearch fails to (a) adequately advise them that they have been victimized, and (b) refund them the excess charges that they have incurred as a result of the fraudulent click activity. Citysearch's indifference is not entirely surprising given it that derives the same amount of income from a fraudulent click as it does from a legitimate click.

32.     Citysearch's unwillingness – in violation of the Agreement and contrary to its representations to its customers – to police and prevent click fraud is

— 9 —

1 │ especially egregious given that it is uniquely in a position to exercise that function.
2 │ More egregious still, is the fact that Citysearch's complicity in click fraud is not
3 │ limited to inaction.

4 │ **E.   Plaintiff, Just Like Thousands of Others, is a Victim of Citysearch's**
5 │ **Failure to Police  Click Fraud**

6 │ 33.   In late 2005, Plaintiff entered into a written form contract agreement
7 │ with Citysearch for the placement of a pay-per-click advertisement.  At that time,
8 │ Plaintiff was operating under the name Law Office of Michael N. Cohen, PC.

9 │ 34.   Plaintiff paid Citysearch money for pay-per-click advertising.

10 │ 35.   On several occasions, Plaintiff complained to Citysearch about
11 │ suspicious click activity on his account, specifically certain days where Citysearch
12 │ charged for substantially more clicks than on average days.

13 │ 36.   If Plaintiff knew that Citysearch failed to take adequate steps to
14 │ identify and filter out invalid clicks, he would not have signed up for Citysearch's
15 │ pay-per-click advertising program.

16 │ 37.   Plaintiff's claims extend back to May 27, 2008 because of the filing of
17 │ *Menagerie Products, et al. v. IAC/Interactivecorp, et al.*, C.D. Cal. Case No. 08-
18 │ 4263 CAS (FMO).  The statute of limitations was tolled as a result.

19 │ / / /
20 │ / / /
21 │ / / /
22 │ / / /
23 │ / / /
24 │ / / /
25 │ / / /
26 │ / / /
27 │ / / /
28 │ / / /

— 10 —

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings this nationwide class action on behalf of themselves and a Class defined as follows:

> *All persons or entities in the United States who entered*
> *into form contracts for pay-per-click advertising through*
> *Citysearch.com, paid money for this advertising service,*
> *and experienced click fraud by reason of double clicks or*
> *Citysearch's failure to apply automatic filters to traffic*
> *from its syndication partners up through March 23,*
> *2007.*

39.    Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

40.    Plaintiff reserves the right to modify the Class description and the Class period based on the results of discovery.

41.    Plaintiff and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil Procedure.

42.    <u>Numerosity</u>:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  Plaintiff does not presently know the exact number of class members.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the thousands.  Further, members of the class are so numerous and geographically dispersed across the United States – and even within the State of California – that joinder of all members is impracticable.  While the exact number and identities of the Class members are unknown at this time, such information can

— 11 —

1    be ascertained through appropriate investigation and discovery. The disposition of

2    the claims of the Class members in a single class action will provide substantial

3    benefits to all parties and to the Court.

4        43.    <u>Common Questions of Law and Fact Predominate</u>:  Citysearch has

5    acted, with respect to the Class, in a manner generally applicable to each class

6    member.  There is a well-defined community of interest in the questions of law and

7    fact involved in the action, which affect all class members.  There are many

8    questions of law and fact common to the representative Plaintiff and the Class, and

9    those questions substantially predominate over any questions that may affect

10   individual Class members.  The questions of law and fact common to the Class –

11   and which predominate over any questions affecting only individual members –

12   include, but are not limited to, the following:

13           a.    the construction of the Agreement between Citysearch and the

14   class;

15           b.    whether Citysearch breached its agreement with the class;

16           c.    whether Citysearch breached the covenant of good faith and fair

17   dealing;

18           d.    whether Citysearch has taken adequate measures to prevent

19   "click fraud";

20           e.    whether Citysearch has properly accounted and for and

21   refunded fees it has wrongfully collected from identified victims of "click

22   fraud; and

23           f.    whether Plaintiff and the members of the Class have been

24   damaged by the wrongs complained of herein, and if so, the measure of

25   those damages and the nature and extent of other relief that should be

26   afforded.

27       44.    <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the

28   members of the Class.  Plaintiff and all members of the Class have been similarly

**CLASS ACTION COMPLAINT**

1  affected by Defendants' common course of conduct since they were all forced to
2  pay for fraudulent clicks and thus were all harmed in substantially the same way by
3  Defendants' actions.

4      45.    Adequacy of Representation:   Plaintiff will fairly and adequately
5  represent and protect the interests of the Class.  Plaintiff is committed to
6  prosecuting this action and has retained competent counsel with substantial
7  experience in prosecuting complex and class action litigation.  Plaintiff and its
8  counsel are committed to vigorously prosecuting this action on behalf of the Class,
9  and have the financial resources to do so.  Neither Plaintiff nor its counsel has any
10 interests adverse to those of the Class.

11     46.    Superiority of a Class Action:   Plaintiff and the members of the Class
12 suffered, and will continue to suffer, harm as a result of defendants' unlawful and
13 wrongful conduct.  A class action is superior to other available methods for the fair
14 and efficient adjudication of the present controversy.  Individual joinder of all
15 members of the class is impractical.  Even if individual class members had the
16 resources to pursue individual litigation, it would be unduly burdensome to the
17 courts in which the individual litigation would proceed.  Individual litigation
18 magnifies the delay and expense to all parties in the court system of resolving the
19 controversies engendered by Defendants' common course of conduct.  The class
20 action device allows a single court to provide the benefits of unitary adjudication,
21 judicial economy, and the fair and equitable handling of all class members' claims
22 in a single forum.  The conduct of this action as a class action conserves the
23 resources of the parties and of the judicial system, and protects the rights of the
24 class member.  Furthermore, for many, if not most, class members, a class action is
25 the only feasible mechanism that allows them an opportunity for legal redress and
26 justice.

27     47.    Adjudication of individual class members' claims with respect to the
28 Defendant would, as a practical matter, be dispositive of the interests of other

— 13 —
**CLASS ACTION COMPLAINT**

1   members not parties to the adjudication, and could substantially impair or impede

2   the ability of other class members to protect their interests.

3                          **FIRST CAUSE OF ACTION**

4                          **BREACH OF CONTRACT**

5   48.   Plaintiff realleges the preceding paragraphs as if fully set forth herein

6   and, to the extent necessary, plead this cause of action in the alternative.

7   49.   Citysearch entered into a contract with Plaintiff and the members of

8   the Class.

9   50.   The Agreement contains and contained an implied covenant of good

10  faith and fair dealing that Citysearch would not do anything that would have the

11  effect of injuring the right of Plaintiff and the Class to receive the benefits of the

12  contract.

13  51.   Citysearch breached its contracts with Plaintiff and the Class, and the

14  covenant of good faith and fair dealing, by collecting fees from Plaintiff and the

15  Class for click fraud even though Citysearch knew, or should have reasonably

16  known, that the clicks were not "actual clicks" but rather purposeful clicks made

17  for an improper purpose.  City Search further breached its contract with Plaintiff

18  and the Class by failing to implement effective oversight, investigating oversight

19  and prevention of click fraud.

20  52.   As a direct and proximate result of Citysearch's breach of contract,

21  Plaintiff and the Class have been damaged in an amount to be determined at trial.

22  WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

23                          **SECOND CAUSE OF ACTION**

24  **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

25                          **CODE §§ 17200 et seq.**

26  53.   Plaintiff realleges the preceding paragraphs as if fully set forth herein

27  and, to the extent necessary, plead this cause of action in the alternative.

28  54.   Plaintiff has standing to pursue this claim as Plaintiff has suffered

**CLASS ACTION COMPLAINT**

1  injury in fact and has lost money or property as a result of Citysearch's actions as

2  delineated herein.

3      55.   Citysearch's actions as alleged in this complaint constitute an unfair

4  or deceptive practice within the meaning of California Business and Professions

5  Code section 17200 in that Citysearch's actions are unfair, unlawful and/or

6  fraudulent.

7      56.   Citysearch's business practices, as alleged herein, are unfair because

8  they offend established public policy and/or are immoral, unethical, oppressive,

9  unscrupulous and/or substantially injurious to its customers in that Citysearch: (a)

10  fails to employ any method to track fraudulent clicks, including clicks originating

11  from its own employees and/or agent and clicks originating from Citysearch's

12  "partner sites";  (b) fails inform its to customers that it does not employ a method

13  to track fraudulent clicks, including clicks originating from its own; and (c)

14  charges customers for invalid clicks.

15      57.   Citysearch's business practices, as alleged herein, are unlawful

16  because the conduct constitutes a breach of the Agreement.

17      58.   Citysearch's business practices are fraudulent because they are likely

18  to deceive its customers into believing that they will not be charged for "invalid"

19  clicks, when in fact, Citysearch routinely charges its customers for clicks that it

20  knows, or by the exercise of reasonable care, should know are not clicks that

21  originate from potential customers who actively and legitimately chose the

22  advertiser's link.

23      59.   Citysearch's alleged wrongful business acts constituted, and

24  constitute, a continuing course of conduct of unfair competition.

25      60.   Citysearch's business acts and practices, as alleged herein, have

26  caused injury to Plaintiff and the Class.

27      61.   Pursuant to section 17203 of the California Business and Professions

28  Code, Plaintiff and the Class seek an order of this court enjoining Citysearch from

**CLASS ACTION COMPLAINT**

1  continuing to engage in unlawful, unfair, or deceptive business practices and any

2  other act prohibited by law, including those acts set forth in the complaint.

3        62.    Plaintiff and the Class also seek an order requiring Citysearch to

4  disgorge all ill-gotten games and full restitution of all moneys it wrongfully

5  obtained from Plaintiff and the Class.

6        WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

7  **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff and members of the Class request that the Court

9  enter an order or judgment against the Defendants as follows:

10        1.    Certification of the proposed class and notice thereto to be paid by

11  Defendant;

12        2.    Adjudge and decree that Defendants have engaged in the conduct

13  alleged herein;

14        3.    For restitution and disgorgement on certain causes of action;

15        4.    For an injunction ordering Defendants to cease and desist from

16  engaging in the unfair, unlawful, and/or fraudulent practices alleged in the

17  Complaint;

18        5.    For compensatory and general damages according to proof on certain

19  causes of action;

20        6.    For special damages according to proof on certain causes of action;

21        7.    For both pre and post-judgment interest at the maximum allowable

22  rate on any amounts awarded;

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**CLASS ACTION COMPLAINT**

1      8.     Costs of the proceedings herein;

2      9.     Reasonable attorneys fees as allowed by statute; and

3     10.     Any and all such other and further relief that this Court may deem just

4 and proper.

5

6 DATED: August 11, 2010        **KABATECK BROWN KELLNER LLP**

7

8                        By _____

9                           Brian S. Kabateck

10                         Richard L. Kellner

11                         Alfredo Torrijos
                          Michael V. Storti

12                         *Counsel for Plaintiff and the Proposed Class*

13                         **PICK & BOYDSTON, LLP**
                        Erik S. Syverson

14                         *Counsel for Plaintiff and the Proposed Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a trial by jury in the instant action.

3

4    DATED: August 11, 2010          **KABATECK BROWN KELLNER LLP**

5

6                                    By _____

7                                       Brian S. Kabateck
                                        Richard L. Kellner
8                                       Alfredo Torrijos
                                        Michael V. Storti
9                                       *Counsel for Plaintiff and the Proposed Class*

10

11                                   **PICK & BOYDSTON, LLP**
                                     Erik S. Syverson
12                                   *Counsel for Plaintiff and the Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**