UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5994 CAS (FMOx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | COHEN IP LAW GROUP, PC, ETC. v. IAC/INTERACTIVECORP; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Alfredo Torrijos   Lawrence Pulgram

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS OR STAY ACTION, OR, IN THE ALTERNATIVE, TO DISMISS CLAIMS** (filed 09/14/10)

## I. INTRODUCTION

On August 11, 2010, plaintiff filed a putative class action complaint alleging claims for: (1) breach of contract; and (2) violation of California Business & Professions Code §17200 et seq. against defendants IAC/InterActiveCorp. and Citygrid Media, LLC. On August 18, 2010, this case was transferred to this Court pursuant to General Order 08-05, as a related case to CV 08-04263 CAS (FMOx). On September 14, 2010, defendants filed the instant motion to dismiss case or stay action, or in the alternative, to dismiss claims. On October 5, 2010, plaintiff filed an opposition. On October, 11, 2010, defendants filed a reply. Having carefully considered the arguments of both parties, the Court finds and concludes as follows.

## II. DISCUSSION

Defendants argue that this case should be dismissed because it is duplicative of Menagerie Productions, et al. v. IAC/InterActiveCorp., et al., No. CV 08-4263 CAS (the "Menagerie Action"). Mot. at 1. "The Cohen Action is entirely duplicative of the Menagerie Action. The operative complaints in the two cases allege precisely the same conduct, assert precisely the same claims against the same defendants based on the same legal theories, and seek precisely the same relief. *See* Class Action Complaint ("Complaint") [Dkt. No.1]. And the Cohen Action purports to be brought on behalf of precisely the same class that this Court certified in the Menagerie Action; indeed, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5994 CAS (FMOx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | COHEN IP LAW GROUP, PC, ETC. v. IAC/INTERACTIVECORP; ET AL. | | |

language of the proposed class definition in the Cohen complaint tracks, word for word, the class definition contained in this Court's certification order in the Menagerie Action." Id. at 6. In fact, defendants argue, the actions are identical, except for the name of the proposed class representative. Id. at 11. Defendants contend that this is difference is immaterial to the determination of whether the two suits are duplicative because when considering potentially duplicative class action suits, the proposed classes, not the individual class representatives, are compared." Id.

The ability of the class representative to represent the certified class in the Menagerie Action is currently the subject of an appeal to the Ninth Circuit. Id. at 11-12. Defendants argue that the instant suit was brought for the improper purpose of circumventing this Court's decision to stay the Menagerie Action pending the resolution of the appeal, and its ruling denying plaintiff's motion to amend. Id. Defendant's contend that plaintiff should await the ruling by the Ninth Circuit, and file "a renewed motion to amend the SAC, to consider Cohen as an alternative class representative," rather than file a duplicative action. Id. at 11. Although defendants cite case law to establish that the Court could properly dismiss the instant action in these circumstances, it suggests, alternatively, that the Court could simply stay this action pending resolution of the appeal in the Menagerie Action in the interests of justice and judicial efficiency. Id. at 13-14.

Plaintiff argues that dismissal of this action is not warranted because the instant suit is not duplicative of the Menagerie Action. Opp. at 2. According to plaintiff, the suits cannot be found to be duplicative because there are different named plaintiffs in each. Id. Plaintiff argues that cases cited by defendants to the contrary are inapposite. Id. Plaintiff also argues that defendants' request for a stay should be denied because "there is no judicial efficiency to be gained from a stay, since regardless of the outcome of the appeal in the Menagerie Action, this Court will still have to adjudicate the claims of the syndication sub-class. In short, the only thing achieved through a stay will be further delay." Id. at 3.

As adequately demonstrated by a comparison of the complaints in the two actions, the Court finds that the instant case is duplicative of the Menagerie Action. Plaintiff's only challenge to this conclusion is that the plaintiffs in the two cases differ. However, the change in putative class representatives does not impact the Court's analysis. "In a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5994 CAS (FMOx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | COHEN IP LAW GROUP, PC, ETC. v. IAC/INTERACTIVECORP; ET AL. | | |

class action . . . it is the class, not the representative, that is compared." Weinstein v. Metlife Inc., No. C 06-4444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) at *4, citing Cal Jur. 3d Actions § 284.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dept. Of Health Servs., 487 F. 3d 684, 688 (9th Cir. 2007). The Court finds that in this case, it is appropriate to stay the current action pending the resolution of the appeal of this Court's class certification order in the Menagerie Action in the interests of justice and judicial efficiency. Following that determination, the Court may conclude, based on the holding of that Court, whether dismissal of this action or consolidation of the two actions is appropriate.

### III. CONCLUSION

In light of the foregoing, the Court DENIES defendants' motion to dismiss and action, and GRANTS defendants' motion to stay the action. Because the Court grants defendants' motion to stay the instant action, it denies defendants' alternative motion to dismiss claims without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |