**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COHEN IP LAW GROUP, PC,<br><br>               Plaintiff,<br>    v.<br><br>IAC/INTERACTIVECORP., a Delaware Corporation; CITYSEARCH, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No. CV 10-05994 CAS (FMOx)<br><br>HON. CHRISTINA A. SNYDER<br><br>**ORDER AND FINAL JUDGMENT**<br><br>Hearing Date:   July 18, 2011<br>Hearing Time:   10:00 a.m.<br>Courtroom:        5 |

**ORDER AND FINAL JUDGMENT**

On the 18th day of July, 2011, a hearing pursuant to Fed. R. Civ. P. 23(e) was held before this Court for the following purposes:

       a.    to finally determine whether the Class satisfies the applicable prerequisites for certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b);

       b.    to determine whether the proposed settlement, as reflected in the Stipulation and Settlement Agreement (the "Stipulation") attached to the motion for preliminary approval [Dkt. No. 138], is fair, reasonable, and adequate, and should be finally approved by the Court;

       c.    to determine whether the proposed Order and Final Judgment

should be entered, and to determine whether the release by the Class, as set forth in the Stipulation, should be provided;

        d.    to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

        e.    to rule upon such other matters as the Court may deem appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 18th day of July 2011, that:

1. The Court finds that the prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class Members that they represent; (d) the Plaintiffs have represented, and will fairly and adequately represent, the interests of Class Members; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Accordingly, Pursuant to Fed. R. Civ. P. 23, and the Court's prior certification order, the Court hereby finally certifies this action as a class action with the class defined as follows:

> All persons or entities in the United States who purchased PPC Advertising from Citysearch from May 27, 2004 to March 21, 2011.

3. Furthermore, pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies Plaintiffs Menagerie Productions and Redwolf, LLC ("Plaintiffs"), together with Cohen IP Law Group PC ("Cohen"), the named plaintiff in the

related action also pending in the United States District Court for the Central District of California, Case No. 2:10-cv-05994 CAS-FMO (the "*Cohen* Action"), as Class Representatives for the Class and Kabateck Brown Kellner, LLP as Counsel for the Class ("Class Counsel").

4. Notice of the pendency of this action (the "Action") as a class action and of the Stipulation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed settlement embodied in the Stipulation met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Stipulation and the settlement embodied therein is approved as fair, reasonable, and adequate.

6. The obligations incurred pursuant to the Stipulation are in full and final disposition of the Action and any and all Released Claims as against all Released Parties, as defined in the Stipulation.

7. The operative complaint in the Action, the Second Amended Complaint, is hereby dismissed with prejudice as against Defendants.

8. Plaintiffs and all Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby, with respect to each and every Released Claim (as defined in the Stipulation), release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties, whether or not such Plaintiffs and/or Class Members execute and deliver a Claim Form.

9. The Court finds that all parties and their counsel have complied with each requirement of the Federal Rules of Civil Procedure as to all proceedings herein.

10. The Court further finds that the response of the Class to the proposed settlement embodied in the Stipulation supports final settlement approval. No Class Member has filed an objection to the proposed settlement and five Class Members requested exclusion from the settlement.

11. Class Counsel are hereby awarded the following attorneys' fees and costs: (i) attorneys fees -- $ 381,444.72; and (ii) costs - $39,055.28, which sum the Court finds to be fair and reasonable, which shall be paid to Plaintiffs' Counsel directly by Defendants.

12. The Court also awards an incentive award directly to the Class Representatives, to be paid directly by Defendants, as follows: $3,500.00 for Menagerie Productions; $3,500.00 for Redwolf, LLC; and $2,500.00 for Cohen IP Law Group.

13. This Court retains jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

**IT IS SO ORDERED.**

Dated: July 18, 2011   By: _____
                      The Honorable Christina A. Snyder
                      United States District Court Judge